# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BIG D INDUSTRIES, INC.,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| -vs-   ) | Case No. CIV-21-211-F |
| ) | |
| FRESH PRODUCTS, INC.,   ) | |
| ) | |
| Defendant.   ) | |

## ORDER

Defendant, Fresh Products, Inc., owns U.S. Patent No. 10,145,098 ("the '098 Patent") for a "urinal assembly having a frame and a plurality of posts or posts extending from the frame." '098 Patent, at 1. The invention is generically called a urinal screen. Although, in some contexts, patent law frowns on looking at a physical embodiment of the invention, it may be helpful, for present purposes, to have in mind one embodiment of the invention as depicted in the '098 Patent:

 

Plaintiff, Big D Industries, Inc., filed this action to obtain a declaratory judgment determining that it has not infringed the '098 Patent (or a related patent) and declaring that both patents are invalid. Fresh Products predictably counterclaimed for infringement, alleging that Big D's Diamond 3D urinal screen infringes the '098 Patent.

The "two elements of a simple patent case" are (i) construing the patent and (ii) determining whether it has been infringed. Markman v. Westview Instruments, Inc., 517 U.S. 370, 384 (1996). That first step is a question of law for the court; infringement is a question of fact for the trier of fact. *Id*. On March 29, 2022, the court held a hearing, commonly called a Markman hearing, for the purpose of receiving the parties' submissions and arguments on the claim construction issues, to the end that the court may "find the acquired meaning of patent terms." *Id.* at 388. With the benefit of the parties' briefs and their very helpful presentations at the Markman hearing, the court now enters this order construing those claims which require construction, bearing in mind that disputed claim language need be construed "only to the extent necessary to resolve the controversy." Vivid Technologies. Inc. v. American Science & Engineering, Inc., 200 F.3d 795, 803 (Fed. Cir. 1999).

In construing disputed terms, the "focus is on the objective test of what one of ordinary skill in the art at the time of the invention would have understood the term to mean." Markman v. Westview Instruments, Inc., 52 F.3d 967, 986 (Fed. Cir. 1995), *aff'd,* 517 U.S. 370 (1996). Although extrinsic evidence may, in some situations, be received in aid of claim construction, no extrinsic evidence has been offered by the parties with respect to claim construction in this case. Consequently, the task of claim construction in this case will be accomplished on the basis of the intrinsic evidence, consisting of the claims and the specification in the '098 Patent itself, as well as the relevant prosecution history. Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1582

(Fed. Cir. 1996). That intrinsic evidence is "the most significant source of the legally operative meaning of the disputed claim language." *Id.*

Prosecution history—the record of the proceedings before the United States Patent and Trademark Office, including any express representations made by the applicant as to the scope of the claims—may be considered in claim construction. *See, e.g.,* Vitronics Corp., 90 F.3d at 1582; Markman, 52 F.3d at 980; Medtronic, Inc. v. Intermedics, Inc., 799 F.2d 734, 742 (Fed. Cir. 1986), *cert. denied*, 479 U.S. 1033 (1987).

Under the judicially-created doctrine of claim differentiation, each claim in a patent is presumptively different in scope. Wenger Mfg. Inc. v. Coating Machinery Systems. Inc., 239 F.3d 1225, 1233 (Fed. Cir. 2001). When the patent applicant is not deemed to be his own lexicographer, claim terms are given their "ordinary and accustomed meaning." Johnson Worldwide Associates. Inc. v. Zebco Corp., 175 F.3d 985, 989 (Fed. Cir. 1999).

In this case, especially, it is important to bear in mind that the whole purpose of the claim construction exercise is to discern the meaning a person of ordinary skill in the art would have attributed to a disputed term *and then* to convey that meaning understandably to a lay jury. A barely intelligible (to a lay jury) construction of barely intelligible claim language does not serve the purpose contemplated by the Court in Markman.

The first question, as to each disputed claim term, is whether the claim language in question needs to be construed at all. In patent cases, the district judge is not obligated to "repeat or restate every claim term in order to comply with the [Markman] ruling that claim construction is for the court. Claim construction is a matter of resolution of disputed meanings and technical scope, to clarify and when necessary to explain what the patentee covered by the claims, for use in the determination of infringement. It is not an obligatory exercise in redundancy." U.S. Surgical Corp. v.

Ethicon, Inc., 103 F.3d 1554, 1568 (Fed. Cir. 1997).  If construction is necessary, it then falls to the court to arrive at that construction, bearing in mind the principles established by the Supreme Court and the Federal Circuit.

The court now resolves (with one exception) the claim construction issues presented by the parties as set forth in the table below.[1]  To the extent explanation is necessary, that explanation will follow in paragraphs numbered to correspond with the numbered lines in the following table.

|   | Claim language | Court's construction |
|---|---|---|
| 1 | urinal | Plain and ordinary meaning |
| 2 | urinal screen | Plain and ordinary meaning |
| 3 | plurality of interconnected cells | At least two distinct openings or solid areas having shared sides |
| 4 | brace | A solid structural element forming or comprising the outer boundary of a cell |
| 5 | corner | Plain and ordinary meaning |
| 6 | perimeter | Plain and ordinary meaning |
| 7 | perimeter cells | Plain and ordinary meaning |
| 8 | interior cells | Plain and ordinary meaning |
| 9 | connected to | Plain and ordinary meaning |

1.  No explanation necessary.

2.  As used in the '098 Patent, "urinal screen" is a limiting term.

3.  The court takes into account all of the relevant claim language because context is important here.  Looking at "plurality of interconnected cells" in context, it is apparent that the claim language as a whole, including this term, connotes cells having some interconnection beyond just sharing space on the frame.  "Interconnected" connotes a discernible spatial relationship.  That conclusion is fortified, for instance, by the plain

---

[1] "Plain and ordinary meaning" indicates a determination by the court that construction is not necessary.

4

import of column 9, lines 40-57 in the '098 Patent.  It is not enough that they are, one way or another, joined with each other by the frame.

4.  "Rod or strut," proposed by Fresh Products as the meaning of "brace," would not help the jury at all.  If the words used in a proposed construction would themselves have to be defined to make them understandable to a lay jury, that is a good indication that the court should keep looking for an understandable construction.  Big D's proposed construction is equally opaque.  Although the court proposed and discussed this construction at the hearing, the parties may not have had an adequate opportunity to consider it.  Consequently, as will be set forth at the end of this order, the court will give the parties an additional opportunity to agree with, disagree with, or otherwise comment on the court's proposed construction.

5.  The court considered the possibility, as suggested in the parties' submissions, of construing "corner" to mean "an intersection of braces."  The court concluded that that elaboration would be unnecessary at best and could potentially be confusing.  The court is confident that the jury will be able to comprehend "corner," as that term is used in the '098 Patent and will be used in the jury instructions, without further guidance.

6.  Whether used as a noun or as an adjective, "perimeter" has an easily understood (and consistent) connotation.  For that reason, the court is not concerned about the fact that "perimeter" is used both as a noun and as an adjective in the '098 Patent.

7.  See paragraph 6, above, with respect to adjectival use of "perimeter," and paragraph 8, below, with respect to the relationship between "perimeter cells" and "interior cells."

8.  This implicates only claim 19.  A reading of claim 19 shows that the phrases "perimeter cells" and "interior cells" appear within a few words of each other and that those two phrases are plainly used–in relation to each other–so as to indicate a spatial differentiation.  The court is confident that the jury will readily discern that.

9. The court rejects the contention that this term, as used in the '098 Patent, contemplates two separate parts or components formed and then joined together.

## Conclusion

It is **ORDERED** (subject to the exception set forth below) that the claims in question will be construed for all purposes in this action as set forth above. After the claim construction phase of this matter has been completed, this case will proceed on the basis of the schedule which will be entered as soon as reasonably possible. Exception: This order does not determine, with finality, the construction of the term "brace," as used in the '098 Patent. Each party may file, not later than April 22, 2022, a memorandum (not to exceed eight pages in length) agreeing with, disagreeing with, or otherwise commenting on the court's proposed construction of "brace." The court will then promptly determine its final construction of that term.

Forthwith after the court enters its order with respect to the construction of "brace," the parties shall confer with a view to arriving at a joint proposed schedule governing the remainder of the proceedings in this court. If the parties are able to agree, they shall submit their proposed schedule to the orders inbox not later than ten days after the court enters its order with respect to the construction of "brace." If the parties are unable to agree, they shall submit their respective proposed schedules not later than eleven days after the court enters its order with respect to the construction of "brace."[2] In either event, the court will make any necessary revisions and enter a scheduling order.

Dated this 5th day of April, 2022.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0211p007.docx

---

[2] The scheduling set forth in this paragraph supersedes the scheduling set forth in the bottom entry on p. 2 of doc. no. 19.